THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEW SUMMIT PARTNER CORP., | CASE NO. C18-1599-JCC |
| Plaintiff, | ORDER |
| v. | |
| CORNWALL, LLC, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for a temporary restraining order and request for a hearing pursuant to Revised Code of Washington § 6.25.070 (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion in part and DENIES the motion in part for the reasons explained herein.

## I. BACKGROUND

Plaintiff New Summit Partner Corp. is a Canadian corporation whose CEO is Timothy Clark. (Dkt. No. 1 at 2.) Defendant Cornwall, LLC is a holding company whose sole members are Defendants Gerald and Kim Rideout ("Individual Defendants") (collectively with Cornwall, LLC, "Defendants"). (*Id.* at 2–4; Dkt. No. 14 at 1.)

In 2015, Individual Defendants approached Mr. Clark about loaning them a down payment to purchase an apartment complex (the "Property") in Bellingham, Washington. (Dkt. No. 1 at 3.) Individual Defendants intended to purchase the Property, renovate it, and then sell it

at a profit. (*Id.*) Plaintiff, through Mr. Clark, agreed to lend Individual Defendants $334,000.00, to be used toward the down payment of the Property.[1] Plaintiff alleges that the parties agreed to the following loan provisions:

- The balance of the loan would be repayable after 10 years;
- The loan would accrue interest at the greater rate of 4% or 200 basis points above the ten-year treasury rate, and that the interest would be payable on, among other events, the date of the sale of the Property;
- Plaintiff would receive 20% of the net profits/rent from the property;
- The loan would be secured by a personal promissory note from Mr. Rideout.

(*Id.* at 4.) The parties agree that the above terms were included in an email to Washington Federal and Mr. Rideout in conjunction with the bank making a loan to Defendant Cornwall, LLC to finance its purchase of the Property. (Dkt. No. 14-1 at 2.)

In November 2015, Defendants purchased the Property, and the parties began conducting themselves in accordance with the loan. (*Id.* at 4–5.) However, Mr. Rideout never executed a written promissory note in favor of Plaintiff. (*Id.* at 5.) Beginning in March 2018, Individual Defendants listed the Property for sale and over the next six months lowered the list price several times. (*Id.*) Plaintiff became concerned that if Defendants sold the Property without executing the agreed upon promissory note, Plaintiff might not recoup the principal and interest on its loan, or realize its 20% share of any profits from the sale. (*Id.* at 6.)

In November 2018, Plaintiff filed this lawsuit alleging Defendants breached their contract by failing to execute a promissory note in accordance with the loan. (*Id.*) Plaintiff's complaint also seeks a prejudgment writ of attachment that would require the proceeds from a prospective sale of the Property to be deposited in the registry of the Court pending resolution of this lawsuit.

---

[1] Financing for the bulk of the Property's purchase price was provided by Washington Federal Bank ("Washington Federal") via a loan to Defendant Cornwall, LLC for $840,000.00 that was secured by a promissory note and first position deed of trust. (Dkt. No. 1 at 3.)

ORDER
C18-1599-JCC
PAGE - 2

(*Id*. at 7–8.) Plaintiff asserts that prejudgment attachment is warranted under Washington law because Defendants are allegedly trying to convert the Property into money for the purpose of placing it beyond Plaintiff's reach and/or the parties' dispute involves the breach of a contract for payment of a debt. (*Id*. at 8) (citing Wash. Rev. Code § 6.25.030(7), (10).)

On December 11, 2018, Defendants filed their answer to the complaint, which denied Plaintiff's allegations regarding the parties' loan agreement. (*See* Dkt. No. 9.) On December 13, 2018, Plaintiff's counsel learned from Defense counsel that Defendants had received an offer to purchase the Property. (Dkt. No. 11 at 2.) On December 14, 2018, Defense counsel provided Plaintiff's counsel with the first page of the purchase and sale agreement for the Property. (*Id.* at 27.) The unsigned agreement was dated December 13, 2018 and reflected an offer that was set to expire on December 14, 2018. (*Id*.) The proposed agreement listed a purchase price of $1.5 million, with a closing date of February 11, 2019. (*Id*.) Defense counsel suggested that Individual Defendants intended to sign the purchase and sale agreement later that day.[2] (*Id*. at 26.)

Plaintiff's counsel requested that Defendants agree to place the proceeds of any prospective sale of the Property into Defense counsel's trust account, pending the resolution of this case. (*Id*. at 30.) Having not reached an informal agreement, on December 18, 2018, Plaintiff filed this motion for temporary restraining order ("TRO") and to set hearing for the Court to decide whether to issue a writ of prejudgment attachment. (Dkt. No. 10.) In its request for TRO, Plaintiff asks the Court to prohibit Defendants from distributing the proceeds from the pending sale of the Property and to place the proceeds into the registry of the Court until such time as the Court can hold a hearing and rule on Plaintiff's motion for prejudgment attachment. (*Id*. at 10.) Defendants oppose entry of a TRO, asserting that there is no evidence that Plaintiff will be harmed in the absence of preliminary injunctive relief. (Dkt. Nos. 12, 13.) Defendants' opposition to the TRO does not address Plaintiff's request for a prejudgment attachment hearing.

---

[2] Mr. Rideout subsequently provided a declaration that states Defendants have accepted the offer, and that the sale will close on February 19, 2019. (Dkt. No. 14 at 4.)

## II. DISCUSSION

### A. Plaintiff's Motion for Temporary Restraining Order

In seeking a TRO, the moving party must establish "that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1085 (9th Cir. 2014). Issuance of a TRO is "an extraordinary remedy never awarded as of right." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter*, 55 U.S. at 24).

Plaintiff asserts that a TRO is appropriate "in order to maintain the status quo and ensure that net proceeds from the sale of the Subject Property are protected until a hearing on the prejudgment writ can be conducted." (Dkt. No. 10 at 10.) Plaintiff argues that it is likely to succeed on both its breach of contract claim and on its motion for prejudgment attachment under Washington law. (*Id*. at 6–8.) Plaintiff further asserts that it will be irreparably harmed if a TRO is not issued because "a future award of money damages will be an inadequate remedy at law due to the 'impending insolvency' of Defendants." (*Id*. at 9.) Finally, Plaintiff asserts that the balance of equities tip in its favor and that issuance of a TRO would be in the public interest because "[a]ny delay in Defendants' receipt of the net proceeds [from the sale] would be far outweighed by the injury Plaintiff would suffer if the only meaningful asset owned by Defendant Cornwall was dissipated before resolution of Plaintiff's debt." (*Id*. at 10.)

Plaintiff has not met its burden to demonstrate that it is likely to suffer irreparable harm in the absence of a TRO.[3] "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Ariz. Dream Act Coal. v. Brewer*, 151

---

[3] Because the Court denies the TRO on this ground, it does not analyze whether Plaintiff has demonstrated a likelihood of success on the merits, whether the balance of the equities tip in its favor, or whether a TRO would be in the public interest.

F.3d 1053, 1068 (9th Cir. 2014) (citing *Rent–A–Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)). The Ninth Circuit has held that district courts have the "authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment." *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1480 (9th Cir. 1994).

Plaintiff argues that it will suffer irreparable harm because "a future award of money damages will be an inadequate remedy at law due to the 'impending insolvency' of Defendants." (Dkt. No. 10 at 9.) Plaintiff supports its position by stating that "the Rideouts have conceded they have no liquid assets, and it appears that the Subject Property is Defendant Cornwall, LLC's only asset whatsoever." (*Id.*) Neither of these contentions is supported by an affidavit, declaration, or other record evidence that might adequately support the grant of a TRO. Plaintiffs have not provided specific evidence regarding the nature or value of Defendants' assets, and there is no suggestion in the record that Defendants are facing a bankruptcy or other legal proceeding that would render them insolvent. Indeed, sale of the Property would have the opposite effect.

Nor has Plaintiff provided any evidence that Defendants "engaged in a pattern of secreting or dissipating assets to avoid judgment." *In re Estate of Ferdinand Marcos*, 25 F.3d at 1480. In its motion, Plaintiff asserts that Defendants are selling the Property either with an intent to defraud their creditors (including Plaintiff) or for the purpose of placing the proceeds beyond Plaintiff's reach. (Dkt. No. 10 at 7.) Plaintiff supports its position primarily based on Individual Defendants' conduct during this litigation—for example, their failure to provide the complete purchase and sale agreement and unwillingness to agree to hold the proceeds of the sale of the Property in a trust account, pending resolution of this case. (*Id.* at 9.) Defendants' proposed sale of the Property, at least on the current record before the Court, does not appear to be fraudulent or for the purpose of putting the proceeds beyond Plaintiff's reach. Nor has Plaintiff provided any facts that suggest Defendants, outside of its allegations regarding the current sale, have

engaged in a pattern or practice of dissipating assets to avoid a judgment. If anything, the record suggests that Individual Defendants have fully complied with the loan's terms since the Property was purchased, other than executing a promissory note in favor of Plaintiff. (*See* Dkt. Nos. 14, 14-1.)

Finally, Plaintiff has not demonstrated that the alleged harm is sufficiently imminent to warrant a TRO. While Plaintiff states that it needs a temporary injunction during the interim period before the Court can decide whether to issue a prejudgment writ of attachment, the record suggests that Defendants will not immediately be receiving proceeds from the sale of the Property. According to Mr. Rideout's sworn declaration, the sale of the Property will not close until February 19, 2019. (Dkt. No. 14 at 4.) Plaintiff has proposed a briefing schedule for its prejudgment attachment motion that would allow the Court to make a ruling about the status of the proceeds prior to the proposed closing date of the Property. Further, Mr. Rideout states that Defendants intend to fulfill their obligations under the loan using the proceeds from the sale. (*Id*.)

For those reasons, the Court FINDS that Plaintiff has failed to demonstrate that it is reasonably likely to suffer irreparable harm in the absence of injunctive relief. Plaintiff's motion for a TRO (Dkt. No. 10) is DENIED.

### B. Plaintiff's Request for Prejudgment Attachment Hearing

Plaintiff separately asks that the Court set a briefing schedule and hearing to determine whether it should issue a prejudgment writ of attachment on the proceeds from the sale of the Property. (*Id*. at 10.) Pursuant to Federal Rule of Civil Procedure 64, every remedy that is available under Washington state law for the seizure of property to secure satisfaction of a potential judgment is available in this Court. Under Washington law:

> [T]he court shall issue a writ of attachment only after prior notice to defendant . . . with an opportunity for a prior hearing at which the plaintiff shall establish the probable validity of the claim sued on and that there is probable cause to believe that the alleged ground for attachment exists.

Wash. Rev. Code § 6.25.070. At an attachment hearing, a defendant is entitled to present oral testimony and to cross-examine witnesses in support of any affirmative defenses. *See Rogoski v. Hammond*, 513 P.2d 285, 290–91 (Wash. Ct. App. 1973) ("The debtor, as pointed out, has a right to produce evidence and arguments thereon, including the right to confront and cross-examine witnesses when those are used. If, therefore, a debtor demands the right to offer evidence rather than to be confined to affidavits, he must be afforded that opportunity.").

Plaintiff's motion to set a prejudgment attachment hearing and briefing schedule is GRANTED. Plaintiff shall file its motion for a prejudgment writ of attachment on January 10, 2019. Defendants shall file their response by January 28, 2019. Plaintiff may file a reply brief no later than 12:00 p.m. on January 31, 2019. The Court shall hold a hearing on Plaintiff's motion for prejudgment writ of attachment on Friday, February 1 at 9:30 a.m., in Courtroom 16206.

The parties' briefing shall conform to the length requirements of Local Civil Rule 7(e)(3). The parties' briefing shall list the names of any and all witnesses they intend to call during the prejudgment attachment hearing.

## III. CONCLUSION

For the above reasons, Plaintiff's motion for a temporary restraining order and request for a hearing pursuant to Revised Code of Washington § 6.25.070 (Dkt. No. 10) is GRANTED in part and DENIED in part. The motion for TRO is DENIED, and the request for hearing is GRANTED in accordance with the Court's order.

DATED this 20th day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE