The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEW SUMMIT PARTNER CORP., a Canadian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CORNWALL, LLC, a Washington limited liability company; and GERALD RIDEOUT and KIM RIDEOUT, and the marital community thereof,<br><br>Defendants. | NO. 2:18-cv-01599 JCC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUANCE OF A PREJUDGMENT WRIT OF ATTACHMENT** |

## I. INTRODUCTION

Defendants Cornwall, LLC ("Cornwall"), Gerald Rideout and Kim Rideout ("Individual Defendants") (collectively, "Defendants"), by and through their attorneys of record, Ryan, Swanson & Cleveland, PLLC, respectfully submit the following opposition and ask the Court to deny Plaintiff's Motion for Issuance of a Prejudgment Writ of Attachment (the "Plaintiff's Motion").

## II. EVIDENCE RELIED UPON

Defendants' opposition relies upon the witness testimony elicited at the February 1, 2019 hearing on the Plaintiff's Motion, the Declaration of Gerald Rideout in Support of

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR ISSUANCE OF A PREJUDGMENT WRIT
OF ATTACHMENT - 1
[DOCNUM]



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

Defendants' Opposition to Plaintiff's Motion for Temporary Restraining Order ("Rideout Decl."), the pleadings and records in the Court's file, and the authorities cited herein.

### III.   FACTUAL BACKGROUND

Defendants Gerald and Kim Rideout are the sole members of Defendant Cornwall, LLC. Rideout Decl., paragraph 2.

Testimony provided at the hearing on February 1, 2019 will show that the Rideouts have been acquainted with Tim Clark, the principal shareholder and CEO of Plaintiff New Summit Partner Corp. for decades and have occasionally borrowed money from Mr. Clark or one of his entities. Prior to the loan at issue in the lawsuit, the parties never reduced their loans to writing. See also, Rideout Decl., paragraph 3.

In 2015, Defendants agreed to purchase the real property and improvements located at 2516 Cornwall Ave., Bellingham, Washington (the "Property"). The Property's purchase was financed in part by Washington Federal and in part by a loan from Plaintiff. Rideout Decl., paragraph 4.

Defendants borrowed a total of $334,000 from Plaintiff. The parties' loan terms were communicated by Mr. Clark to Washington Federal on October 4, 2015. Of relevance to this motion, the only security Mr. Clark expected when he made Defendants' loan was Mr. Rideout's personal guaranty. Rideout Decl., **Exhibit "A."**

It is anticipated that Mr. Clark will testify that the terms he communicated to the Rideouts' senior lender, Washington Federal, in an October, 2015 email are the only terms agreed to by the parties. Rideout Decl., paragraph 6. The parties never contemplated using the Property to secure Defendants' loan. Rideout Decl., paragraph 7.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR ISSUANCE OF A PREJUDGMENT WRIT
OF ATTACHMENT - 2
[DOCNUM]

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1    The Defendants' purchase of the Property closed on November 25, 2015.  Since that
2 time, the parties have, without exception, followed the terms of the loan agreement.  Defendants
3 will testify at the evidentiary hearing that they consistently communicated with Mr. Clark about
4 the status of the Property, and its rents and expenses until, in August of 2018, he added a term
5 to their agreement and began demanding that a deed of trust be recorded against the Property.
6 Second, the testimony will be that Mr. Clark never objected to the calculation of monies due
7 until his declaration of January 10, 2019, inclusive of his November 2, 2018 Complaint,
8 attached to his declaration as Exhibit A.  Plaintiffs have made all payments due to Mr. Clark in
9 the past, and will continue to satisfy all of their future loan obligations. Rideout Decl.,
10 paragraphs 8-9.

11    Mr. Clark first proposed that the parties reduce the terms of Plaintiff's loan to
12 Defendants in writing in an email to Mr. Rideout on September 10, 2017.  Mr. Rideout agreed,
13 replying, "Sounds Good…Have something drawn up."  Rideout Decl., paragraph 10.

14    In late 2017, the parties' personal relationship soured.  By September of 2018, Plaintiff
15 had retained counsel who prepared loan documents, including a deed of trust meant to encumber
16 the Property, which he demanded be executed within seven (7) days.  Notably, Counsel makes
17 no assertion, in his correspondence to Defendants that Defendants have failed to faithfully
18 discharge their monetary obligations to Plaintiff. Rideout Decl., **Exhibit "B"**.  Testimony at the
19 hearing will show that Mr. Clark's claims regarding payment of a portion of the rent revenues
20 are contrived for the purpose of Plaintiff's Motion.

21    The loan documents prepared by Plaintiff's counsel included terms which were not part
22 of the parties' 2015 agreement, and a new demand that the loan be secured against the Property.
23 Rideout Decl., paragraph 12.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR ISSUANCE OF A PREJUDGMENT WRIT
OF ATTACHMENT - 3
[DOCNUM]

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

This lawsuit was commenced on or about November 2, 2018 by the filing of Plaintiff's Complaint. Plaintiff's sole allegation of breach by the Defendants is that Defendants had yet to execute a promissory note memorializing the loan. Rideout Decl., paragraph 9.

Defendants have continued, since the filing of the lawsuit, to meet their obligations to Plaintiff, and admit that the material terms of the loan require them to repay Plaintiff upon the sale of the Property, and that they are obligated to pay twenty percent (20%) of the net proceeds of any sale. Rideout Decl., paragraph 13.

Defendants will testify that, though they initially intended to hold the Property longer, Mr. Clark began to demand that they sell it in the last two years. Defendants agreed and listed the Property at Plaintiff's suggested price of almost $2,000,000. Defendants will testify that the Property did not sell, Defendants lost confidence in their broker and engaged another listing agent. After the Property sat on the market at the new price of $1,500,000, the listing agent expressed interest in purchasing the Property, and terms were agreed. Defendants' and their agent have agreed to close their transaction on February 19, 2019, at which point Defendants plan to satisfy their outstanding loan obligations from escrow. See also Rideout Decl., paragraph 14.

IV.   ANALYSIS

**A.   There is no evidence that Defendants are at risk of secreting assets to deprive Plaintiff.**

In spite of Plaintiff's brand new claims that the Defendants intentionally failed to pay amounts due under the loan agreement, there is no actual evidence that Defendants are insolvent or intend to secrete assets in order to avoid judgment. They have literally never denied that they owe Mr. Clark pursuant to the actual terms of the loan agreement. This lawsuit does not

DEFENDANTS' OPPORTUNITY TO PLAINTIFF'S
MOTION FOR ISSUANCE OF A PREJUDGMENT WRIT
OF ATTACHMENT - 4
[DOCNUM]

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1  exist because the Defendants have failed to pay Mr. Clark, or cannot pay Mr. Clark. They
2  simply will not pay more than Mr. Clark is actually owed, nor agree to terms that were invented
3  years after the loan was made.  As a result, Mr. Clark has chosen to sue the Defendants.

**B.    Plaintiff is unlikely to show that its claims have probable validity.**

In spite of its new claims related to past monetary obligations, the sole basis alleged by Plaintiff that would support a breach of contract action is the allegation that Defendants have have refused to sign a promissory note.  Even setting aside the fact that it is inconceivable that the Plaintiff will be able to show how this sole instance of alleged breach has been the proximate cause of any damages to Plaintiff, the facts will not bear out that Defendants have ever refused to sign a promissory note, or secure the loan with Mr. Rideout's personal guaranty.  The evidence, even in support of Plaintiff's Motion, is clear that the Defendants acknowledged that they needed to reduce their loan obligation to writing.  However, the only draft ever presented to them by the Plaintiff was accompanied by a host of terms that were not agreed to and which Plaintiff demanded that Defendants acquiesce to under threat of the present lawsuit.

Defendants will testify that there is no dispute regarding the principal owed, the interest thereon, and the amounts due from the sales proceed but, just as when Mr. Clark added terms to their agreement before, he now is adding amounts he believes are due from the rent revenues. He, however, refuses to articulate how he has calculated those amounts.

No breach will be proven, either at the evidentiary hearing, or at the trial on the merits, and no attachment should be ordered now.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR ISSUANCE OF A PREJUDGMENT WRIT
OF ATTACHMENT - 5
[DOCNUM]

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

## V. CONCLUSION

Plaintiff's Motion, though it correctly articulates the appropriate legal authority does not set forth facts which justify relief under those statutes. Following the evidentiary hearing, the Plaintiff's Motion should be denied.

DATED this 28th day of January, 2019.

By /s/ *Hans P. Juhl*
Hans P. Juhl, WSBA #33116
Attorneys for Defendants
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
juhl@ryanlaw.com



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

# CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury and the laws of the State of Washington that, on the date indicated below, I caused service of true and correct copies of the foregoing document using the CM/ECF system, which will automatically send electronic notification of such filing to all parties of record herein:

*Counsel for Plaintiff*
Sean V. Small
Paul J. Spadafora
Lasher Holzapfel Sperry & Ebberson PLLC
601 Union Street, Suite 2600
Seattle, WA 98101
Phone (206) 624-1230
Fax (206) 340-2563
small@lasher.com
spadafora@lasher.com

DATED this _28th_ day of January, 2019, at Seattle, Washington.

      /s/Hans P. Juhl
Hans P. Juhl

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR ISSUANCE OF A PREJUDGMENT WRIT
OF ATTACHMENT - 7
[DOCNUM]

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359