IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEW SUMMIT PARTNERS CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORNWALL, LLC, a Washington Limited Liability Company; GERALD RIDEOUT AND KIM RIDEOUT, individually and their marital community;<br><br>　　　　　Defendants. | CASE NO. 2:18-cv-01599 JCC<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ISSUANCE OF<br>A PREJUDGMENT<br>WRIT OF ATTACHMENT**<br><br>NOTING DATE:  February 1, 2019 |

　　　Defendants, Cornwall, LLC ("Cornwall"), Gerald Rideout and Kim Rideout ("the Rideouts") argue there is no evidence they breached the parties' agreement and that there is no evidence the Defendants have been sequestering assets in anticipation of this litigation. They make these arguments by studiously and willfully ignoring several key, undisputable facts. First, they ignore that Defendants' financials, produced for the first time in the past month, reflect they have been misrepresenting to Plaintiff the amount of income they have generated from the property for years. Second, they ignore that, in apparent direct response to Plaintiff's threat of litigation, they immediately transferred title to their other real property to a brand-new limited liability company.

STIPULATED MOTION FOR ISSUANCE OF A
PREJUDGMENT WRIT OF ATTACHMENT- 1
{21731/28712/V760308.DOCX}



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

These facts place Plaintiff's claim for relief squarely within the ambit of Washington State's Prejudgment Writ of Attachment statute. Plaintiff respectfully requests this motion be granted to ensure there is sufficient security to protect Plaintiff's interests pending resolution of this litigation.

**A.     A Clear Ground for Attachment Exists**.

Defendants argue that no clear ground for attachment exists, as there is "no evidence Defendants are at risk of secreting assets to deprive Plaintiff." Defendant's Opposition, Dkt. 19, p. 4. However, under RCW 6.25.030(10), a clear ground for attachment exists when the "object for which the action is brought is to recover on a contract, express or implied." Even if Plaintiff was unable to prove Defendants were converting their property into money to place it beyond the reach of creditors, the fact Plaintiff's case is premised on a breach of the loan agreement between the parties is a sufficient, clear ground for attachment under Washington's statutory scheme.

In any event, Defendants ignore that there is clear evidence they were converting property for the purpose of placing it beyond the reach of its creditors. As described in Plaintiff's motion, and as will be presented through evidence and testimony introduced at the hearing, Defendants transferred title to their other real property to a newly-created entity, Broadway Park, LLC (owned entirely by the Rideouts) within 24 hours of Plaintiff advising them it intended to pursue legal remedies against them. Clark Decl., Dkt. 17, Exh. 11; Small Decl., Dkt. 18, Exh. 3. This is precisely the kind of conduct courts in Washington State have considered to be evidence of a

STIPULATED MOTION FOR ISSUANCE OF A
PREJUDGMENT WRIT OF ATTACHMENT- 2
{21731/28712/V760308.DOCX}

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

party's intent to deprive a plaintiff of assets in the event of an adverse judgment. *See Glasser v. Blixseth*, 2015 WL 671634, at *2 (W.D. Wash. Feb 17, 2015).

**B.      Plaintiff Will Be Able to Prove the Probable Validity of Its Claims**.

Defendants argue that Plaintiff's only evidence of breach is that Defendants have refused to sign a promissory note. This ignores that on January 4, 2019, Defendants produced to Plaintiff copies of unsupported financial statements reflecting that Defendants had generated almost $50,000.00 in profits between December, 2015 and December, 2017. Clark Dec., Dkt. 17, Exh. 11. This realized profit is entirely contrary to the contemporaneous representations Defendants made to Plaintiff that the expenses were high and they did not have sufficient money to make payments during that period. Clark Decl., Dkt. 17, ¶¶ 12-13, Exh. 5-7. To the extent Defendants object that these allegations are not pled, Plaintiff was unable to discover these facts until after litigation commenced, and would be pleased to amend the complaint to conform the pleadings to this recently-discovered evidence.

Also, Defendants argue they rejected Plaintiff's proposed written security documents as they were "accompanied by a host of terms that were not agreed to." Defendant's Opposition, Dkt. 19, p. 5. This again entirely ignores the course of conduct between the parties. When Plaintiff presented Defendants with proposed security documents, Defendants did not object. They did not propose edits to the documents. They did not offer their own draft of the documents. They did not argue that the parties never contemplated a Deed of Trust. Instead, it is undisputed that Defendants ignored Plaintiff and his attorneys entirely, steadfastly refusing any attempt by Plaintiff to obtain

STIPULATED MOTION FOR ISSUANCE OF A
PREJUDGMENT WRIT OF ATTACHMENT- 3
{21731/28712/V760308.DOCX}

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

*any* written agreement until this lawsuit was filed. Clark Decl., Dkt. 17, ¶ 19; Small Decl., Dkt. 18, Exh. 2. Defendants' attempt to solve the problem of written security by sticking their heads in the sand and ignoring the problem is facially inconsistent with the parties' agreement.[1]

Finally, Defendant objects to the fact Plaintiff seeks to attach the monies it is owed for its 20% share of the rental revenues. This ignores that Defendants have previously acknowledged, in writing, that Plaintiff is entitled to those rental revenues. Clark Decl., Dkt. 17, ¶ 14, Exh. 7. Defendants' attempt to rewrite history to remove a key component of their agreement does not warrant denying Plaintiff's motion for a writ of attachment.

C.   **Plaintiff's Witness List**.

Plaintiff intends to call Tim Clark, Gerald Rideout, and Kim Rideout as witnesses during the hearing. The attendance of Gerald and Kim Rideout has been compelled via subpoena. Plaintiff anticipates that each witness shall take no more than one hour.

D.   **Conclusion**.

Plaintiff is able to demonstrate that several clear grounds of attachment exist, and that its claims have probable validity. Plaintiff respectfully requests its motion be granted and a prejudgment writ of attachment securing all net proceeds of the pending sale be issued.

---

[1] This is consistent with the Rideouts' course of conduct throughout these proceedings. The Rideouts would not even confirm to their own attorneys that they would be in attendance at the February 1, 2019 hearing, necessitating Plaintiff issuing subpoenas compelling their attendance. Small Reply Decl., Exh. 1, 2, & 3.

STIPULATED MOTION FOR ISSUANCE OF A PREJUDGMENT WRIT OF ATTACHMENT- 4
{21731/28712/V760308.DOCX}

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

DATED this 31st day of January, 2019.

        LASHER HOLZAPFEL
        SPERRY & EBBERSON PLLC

        */s/ Sean V. Small*
        */s/ Paul Spadafora*
        _____
        Sean V. Small, WSBA # 37018
        Paul Spadafora, WSBA # 49777
        ***Attorneys for Plaintiff***

STIPULATED MOTION FOR ISSUANCE OF A
PREJUDGMENT WRIT OF ATTACHMENT- 5
{21731/28712/V760308.DOCX}

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2019, I caused the foregoing pleading to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

>Hans P. Juhl, WSBA #33116
>Madeline S. Davis, WSBA #51261
>Attorneys for Defendants
>RYAN, SWANSON & CLEVELAND, PLLC
>1201 Third Avenue, Suite 3400
>Seattle, Washington  98101-3034
>juhl@ryanlaw.com
>davis@ryanlaw.com

DATED this 31st day of January, 2019 at Seattle Washington

>*/s/ Ellen M. Krachunis*
>_____
>Ellen M. Krachunis
>Legal Assistant

STIPULATED MOTION FOR ISSUANCE OF A PREJUDGMENT WRIT OF ATTACHMENT- 6
{21731/28712/V760308.DOCX}



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563